# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LAWRENCE R. ROUBEN, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-397 |
| ) | |
| PARKVIEW HOSPITAL, INC., ) | |
| GREG JOHNSON, D.O. and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) On November 29, 2010, the Court entered an Opinion and Order informing the Plaintiff that "John Doe" defendants are ordinarily not allowed in federal diversity suits and directing him to file a Second Amended Complaint to establish the citizenship of Defendants "John Does 1-10." (Docket # 5.)

On December 2, 2010, the Plaintiff filed his Second Amended Complaint, alleging that "[o]n information and belief, Defendants John Does 1-10 are natural citizens of the State of Indiana." (Second Am. Compl. ¶ 4.) The Second Amended Complaint, however, remains insufficient to establish this Court's jurisdiction.

To reiterate, "John Doe" defendants are ordinarily not allowed in federal diversity suits. *Moore v. General Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996).[1] "[T]he existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of

---

[1] There are limited exceptions to this rule, namely when the "John Doe" is irrelevant to diversity jurisdiction, *Moore*, 91 F.3d at 850; *U.S. Fire Ins. Co., Inc. v. Charter Financial Group, Inc.*, 851 F.2d 957, 959 n.3 (7th Cir. 1988), or when naming "John Doe" will not defeat the named defendant's right to otherwise remove the case to federal court. *See* 28 U.S.C. § 1441(a).

citizenship." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Moreover, the Plaintiff cannot summarily claim that "[o]n information and belief, Defendants John Does 1-10 are natural citizens of the State of Indiana," because "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). The clearly established requirement that diversity jurisdiction be plead on personal knowledge means that the Plaintiff must actually state the identity of the "John Doe" Defendants to establish their citizenship—one cannot allege they have personal knowledge of the citizenship of unknown parties.

Accordingly, the Plaintiff is again granted to and including December 15, 2010, to file a Third Amended Complaint establishing the citizenship of Defendants John Doe 1-10 or, alternatively, to show cause why the case as plead should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Enter for December 3, 2010.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge