UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LAWRENCE R. ROUBEN, M.D., and WILLIAM W. LAWRENCE, *Bankruptcy Trustee*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:10-CV-397 ) |
| PARKVIEW HOSPITAL, INC., and GREG JOHNSON, D.O., | ) ) ) ) |
| Defendants. | ) |

### OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Fourth Amended Complaint or, in the Alternative, to Deem the Fourth Amended Complaint a Motion to Substitute. (Docket # 54.) Plaintiffs filed a response to the motion (Docket # 56), but no reply was filed. As such, the motion is now ripe for ruling.

For the following reasons, Defendants' Motion to Strike the Fourth Amended Complaint will be DENIED. The Court will, however, deem Bankruptcy Trustee William W. Lawrence substituted as a plaintiff while allowing Lawrence R. Rouben, M.D., to remain a plaintiff in this case for the limited purpose of pursuing non-monetary relief. As such, Defendants' alternative motion will be DENIED.

*A. Factual and Procedural Background*

On November 15, 2010, Dr. Rouben brought suit against Parkview Hospital, his former employer, and Greg Johnson, D.O., a Parkview employee. (Docket # 1.) Dr. Rouben subsequently amended his complaint three times. (Docket # 4, 6, 8.) On January 30, 2012,

1

Defendants moved for summary judgment on all claims raised in the Third Amended Complaint. (Docket # 33.)  That motion, and its accompanying motion to strike (Docket # 45), are both fully briefed (Docket # 44, 47), but have not yet been decided.

Almost two years after commencing this suit, on August 23, 2012, Dr. Rouben filed for Chapter 7 bankruptcy.  (Docket # 48-1.)  On November 26, 2012, Dr. Rouben moved to amend his complaint a fourth time to add Mr. Lawrence, the bankruptcy trustee, as the real party in interest.  (Docket # 51.)  The Court granted this motion (Docket # 52), and the Fourth Amended Complaint was filed on December 14, 2012 (Docket # 53).  The Fourth Amended Complaint names both Dr. Rouben and Mr. Lawrence as plaintiffs and advances several tort claims against Defendants, including breach of contract and defamation.  (*See* Fourth Am. Compl. ¶¶ 40-71.)  Along with several types of monetary damages, the complaint further requests "[a]ll other relief to which [Plaintiff] may be entitled . . . ."  (Fourth Am. Compl. 9.)

On January 4, 2013, Defendants moved to strike the Fourth Amended Complaint or, in the alternative, to deem it a motion to substitute Mr. Lawrence, the trustee, as the party plaintiff. (Docket # 54.)  Plaintiffs objected to the motion (Docket # 56), arguing that Dr. Rouben should remain a plaintiff in this case because he has an interest in its outcome that the bankruptcy estate would not adequately protect.  (Pl.'s Resp. to Defs.' Mot. to Strike Fourth Am. Compl. ("Pl.'s Resp.") 1-2.)  Specifically, they maintain that the damage Defendants allegedly caused to Dr. Rouben's reputation could entitle him to non-monetary, declaratory or equitable relief that would have no value to the bankruptcy estate or its creditors.  (Pl.'s Resp. 1-2.)  As such, Plaintiffs insist that both Dr. Rouben and Mr. Lawrence are proper parties in this action.  (Pl.'s Resp. 2.)

2

*B.  Applicable Legal Standard*

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  "Generally speaking, motions to strike portions of pleadings are disfavored as they consume scarce judicial resources and may be used for dilatory purposes." *Silicon Graphics, Inc. v. ATI Tech. ULC*, No. 06-C-611-C, 2007 WL 5312633, at *1 (W.D. Wis. Mar. 12, 2007) (citing *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).  Thus, motions to strike pleadings "will generally be denied unless the portion of the pleading at issue is prejudicial." *U.S. Liab. Ins. Co. v. Bryant*, No. 3:10-cv-129, 2011 WL 221662, at *1 (S.D. Ill. Jan. 21, 2011).  The decision whether to strike material under Rule 12(f) is within the discretion of the district court.  *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

*C.  Analysis*

In the instant case, Defendants seek to strike Plaintiffs' Fourth Amended Complaint in its entirety, arguing that the time to amend the pleadings expired in November 2011 and that, instead of amending the complaint, Plaintiffs should have substituted the trustee as the real party in interest under Rule 17(a). (Mem. in Supp. of Defs.' Mot. to Strike Fourth Am. Compl. ("Defs.' Mem. in Supp.") 1-2.)

First, both parties mistakenly believe that Rule 17(a) applies to this action.  But "Rule 17(a) applies to interests transferred *prior* to commencement of an action," whereas "Rule 25(c), an extension of Rule 17(a), controls situations where an interest is transferred *during* the pendency of an action." *Tate v. Snap-On Tools Corp.*, No. 90 C 4436, 1997 WL 106275, at *4

3

n.7 (N.D. Ill. Feb. 11, 1997) (first emphasis added; second emphasis in original); *see F.D.I.C. v. Deglau*, 207 F.3d 153, 159 n.2 (3d Cir. 2000) (noting that Rule 17(a) governs transfers prior to the filing of a lawsuit while Rule 25(c) governs transfers after the lawsuit begins); *Pike v. Decatur Memorial Hosp.*, No. 1:04-CV-0391-JDT-TAB, 2005 WL 2100251, at *2 (S.D. Ind. Aug. 26, 2005) (reiterating that Rule 17(a) controls the substitution of the real party in interest when a transfer of interest occurs prior to the filing of the action).  Here, Dr. Rouben filed for bankruptcy in August 2012, almost two years *after* this action was commenced in November 2010.  Therefore, the interest transferred from Dr. Rouben to the bankruptcy estate during the pendency of this action, and Rule 25(c), rather than Rule 17(a), applies.

     The real dispute, however, is whether Dr. Rouben remains a proper plaintiff in this case.  Under Section 541 of the Bankruptcy Code, "all of a debtor's property, which includes causes of action that accrued prior to filing the petition, become part of the bankruptcy estate at the time a petition is filed." *Posley v. Clarian Health*, No. 1:11-cv-1511-TWP-MJD, 2012 WL 4101914, at *3 (S.D. Ind. Sept. 17, 2012); *see* 11 U.S.C. § 541(a)(1); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims . . . ."); *Agri-Best Holdings, LLC v. Atlanta Cattle Exchange, Inc.*, 812 F. Supp. 2d 898, 900 (N.D. Ill. 2011) ("[T]he law very clearly holds that a Chapter 7 debtor has no ability to pursue pre-petition claims, which by operation of law become property of the bankruptcy estate.").  As such, in Chapter 7 liquidation proceedings, "*only* the trustee has standing to prosecute or defend a claim belonging to the estate." *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999) (emphasis in original); *see In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998) (holding that Chapter 7 trustee has exclusive right to represent the debtor in court).

4

Against this backdrop, when Dr. Rouben filed his petition for bankruptcy, all of his property, including this pre-petition action, immediately became part of the bankruptcy estate. *Posley*, 2012 WL 4101914, at *2; *see* 11 U.S.C. § 541(a)(1); *Cannon-Stokes*, 453 F.3d at 448. And, because Dr. Rouben filed for Chapter 7 bankruptcy, it would appear that only Mr. Lawrence, the trustee, has standing to prosecute this action. *See, e.g.*, *Cable*, 200 F.3d at 472.

But, along with his claims for monetary damages, Dr. Rouben has also alleged that Defendants damaged his reputation by continuing to publish derogatory information about him to prospective employers and a state licensing board. (Pl.'s Resp. 2; *see* Pl.'s Resp Ex. 1.) As such, Plaintiffs contend that Dr. Rouben could be awarded non-monetary relief for this damage—namely, an injunction preventing Defendants from publishing such derogatory information about him in the future or an order limiting how Defendants can communicate about him in the future—which would have no value to the bankruptcy estate. (Pl.'s Resp. 2.)

First, although the complaint does not specifically request such declaratory or equitable relief, it does contain a demand for "[a]ll other relief to which [Plaintiff] may be entitled." (Fourth Am. Compl. 9.) And, regardless, "the fact that [Dr. Rouben's] complaint does not specifically request [declaratory or equitable relief] is not a proper basis to bar [him] from seeking that relief if [he] prevails." *Prasad v. Acxiom Corp.*, No. 10 C 5943, 2012 WL 527632, at *3 (N.D. Ill. Feb. 17, 2012); *see* FED. R. CIV. P. 54(c) ("Every . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."). As such, if he prevails on his claims, Dr. Rouben could potentially be awarded declaratory or equitable relief.

The next question, however, is whether Dr. Rouben may remain in the case as a plaintiff

to pursue that relief.  "Several courts have held that a debtor who lacks standing to pursue a claim for monetary damages may remain a plaintiff insofar as the debtor seeks relief that would be of little or no value to the estate (i.e. reinstatement or injunctive relief)." *Sherrell v. WIL-BFK Food Servs., Inc.*, No. 09-04072-CV-C-NKL, 2009 WL 3378991, at *1 (W.D. Mo. Oct. 18, 2009) (citing *E.E.O.C. v. Merchs. State Bank*, 554 F. Supp. 2d 959, 962 (D.S.D. 2008) (finding that a debtor-plaintiff could pursue injunctive relief and reinstatement because these interests were separate from any interest in the litigation held by the bankruptcy estate)); *see Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003) (allowing debtor-plaintiff to pursue his undisclosed claim for injunctive relief because it would add nothing of value to the bankruptcy estate); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288-89 (11th Cir. 2002) (same).

At least one district court in this Circuit has reached this same conclusion, substituting the bankruptcy trustee as the plaintiff on all claims asserted in the action, but also allowing the debtor to remain in the lawsuit as a plaintiff to the extent she was pursuing non-monetary relief. *Prasad*, 2012 WL 527632, at *3.  Moreover, the Seventh Circuit Court of Appeals has suggested that this may be the appropriate course of action.  *See Matthews v. Potter*, 316 F. App'x 518, 523-24 (7th Cir. 2009) (unpublished) (distinguishing between claims for monetary relief and those for injunctive relief, which would be of no consequence to the trustee or the creditors, and allowing the debtor-plaintiff to proceed forward on her claims for injunctive relief).

Accordingly, in the instant case, Mr. Lawrence will be substituted as the plaintiff for all claims currently asserted in this action.  *Prasad*, 2012 WL 527632, at *3.  At the same time, however, Dr. Rouben is entitled to remain in the lawsuit as a plaintiff for the limited purpose of

pursuing declaratory or equitable relief, including an injunction, that would prevent Defendants from publishing derogatory information about him in the future. *See id.*

As both Dr. Rouben and Mr. Lawrence are proper plaintiffs in this action, the Court will not strike the Fourth Amended Complaint. Although Defendants contend that this amendment could reopen the issues, thereby prejudicing them because they have already filed a motion for summary judgment addressing all the claims raised in the Third Amended Complaint (Defs.' Mem. in Supp. 2-3), the Fourth Amended Complaint does *not* reopen any issues. It does not add any claims, allegations, or theories; rather, it merely adds one paragraph stating that Dr. Rouben has filed for bankruptcy and that Mr. Lawrence has been appointed trustee. (Fourth Am. Compl. ¶ 13.) As such, because Defendants suffer no prejudice from the filing of the Fourth Amended Complaint, it will not be stricken.[1] *See U.S. Liab. Ins. Co.*, 2011 WL 221662, at *1 (noting that motions to strike will generally be denied unless the pleading is prejudicial).

### D. Conclusion

For the foregoing reasons, Defendants' Motion to Strike the Fourth Amended Complaint (Docket # 54) is DENIED. The Court deems Bankruptcy Trustee William W. Lawrence substituted for Lawrence R. Rouben, M.D., as plaintiff for all claims in this action, but allows Dr. Rouben to remain a plaintiff in this action for the limited purpose of pursuing declaratory or equitable relief as set forth above. Accordingly, Defendants' alternative Motion to Deem the

---

[1] Although Defendants contend that the pleadings in this case have been closed since November 2011, Mr. Lawrence was not *added* to the complaint, but rather substituted for Dr. Rouben, who remains in the case as a plaintiff on a limited basis, under Rule 25(c). Rule 25(c) does not contain a time limit for moving to substitute under its provisions. *Coglianese v. Feiwell*, No. 4:06-cv-0019-AS, 2007 WL 2473473, at *2 (N.D. Ind. Aug. 27, 2007) (citing 7A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1958, at 557-61 (2d ed. 1986) (citations omitted)).

Fourth Amended Complaint a Motion to Substitute (Docket # 54) is DENIED.

   SO ORDERED.

   Entered this 30th day of January, 2013

                                                        /S/ Roger B. Cosbey
                                                        Roger B. Cosbey,
                                                        United States Magistrate Judge