UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROUBEN, MD. | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO: 1:10-CV-397 |
| v. | ) |
| | ) |
| PARKVIEW HOSPITAL, INC. | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff, Lawrence R. Rouben, M.D.'s ("Dr. Rouben's") "Motion to Amend and For Relief from Summary Judgment Order" [DE 60] wherein he seeks relief from this Court's Opinion and Order granting summary judgment in favor of the Defendant, Parkview Hospital, Inc. ("Parkview") [DE 58]. Parkview filed its response to which Dr. Rouben replied and the Motion is now ripe for consideration. For the following reasons, the Motion will be DENIED.

**DISCUSSION**

A motion for reconsideration[1], or a motion to alter or amend judgment pursuant to Rule

---

[1] Neither side has set forth the standard of review they believe applies to Dr. Rouben's motion. Moreover, in his Motion Plaintiff's counsel cites to "CR 59 and 60" [DE 60] which the court interprets to mean that Plaintiff believes his motion falls within the confines of Fed.R.Civ.P. 59 (presumably subsection e) or, alternatively, within one of the subsections of Fed.R.Civ.P. 60. But, even that does not tell the court much in the way of the rationale of the motion. Federal Rule 60(b) provides numerous grounds for relief – some of which have distinct standards of review – and plaintiff has failed to specify which ground(s) he believes his motion falls within so as to give the court guidance on why he believes he is entitled to the relief he seeks. Having read the plaintiff's brief appended to the motion, the Court interprets the Motion to fall under Fed.R.Civ.P. 59(e) and, as an alternative ground, perhaps Fed.R.Civ.P 60(b)(6) (permitting relief from judgment for "any other reason that justifies relief,") since there is no allegation of mistake, inadvertence, surprise, or excusable neglect (Fed.R.Civ.P. 60(b)(1)); newly discovered evidence (Fed.R.Civ.P. 60(b)(2)); or fraud (Fed.R.Civ.P. 60(b)(3)). There is likewise no assertion that the judgment is void (Fed.R.Civ.P. 60(b)(4)) or has been otherwise satisfied Fed.R.Civ.P. 60(b)(5).

1

59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir.1998); *In re Prince,* 85 F.3d 314, 324 (7th Cir.1996); *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996); *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). Such motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro,* 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987). Rather, their purpose is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir.1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *Prince,* 85 F.3d at 324.

Likewise, a movant seeking relief under Fed.R.Civ.P., 60(b) must show "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) ("Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (internal quotation marks omitted)).

In this case, the Court finds that Dr. Rouben has failed to present newly discovered evidence or make any showing that the Court committed a manifest error of law or fact to warrant Rule 59(e) relief. In fact, the Court has considered and, in the Court's opinion, appropriately and adequately addressed in its Order the issues raised by Dr. Rouben in his Motion for Reconsideration. The Court entered a twenty-two (22) page Opinion outlining the legal basis and the rationale for its conclusions. Dr. Rouben's Motion, for the most part, simply rehashes old arguments, emphasizing issues and facts he believes the court wrongly decided or interpreted. Dr. Rouben may not, and need

not, agree with this court's original determination on the issues presented in the summary judgment motion, but a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) is not the appropriate vehicle for airing his difference of opinion; and, in any event, a mere rephrasing of old arguments or providing differing interpretations of the facts does not meet the stringent standard required for the success of such motions. Accordingly, Dr. Rouben's Motion pursuant to Fed.R.Civ.P. 59(e) is DENIED.

Dr. Rouben fares no better under Fed.R.Civ.P. 60(b). He has not pointed to any exceptional or extraordinary circumstances that justify relief from the Court's summary judgment determination. Moreover, even if, as Dr. Rouben seems to suggest, this court misapplied the law, Seventh Circuit law does not permit Rule 60(b) relief in cases of legal error. *See, e.g., Gleash v. Yuswak,* 308 F.3d 758, 761 (7th Cir.2002) ("[L]egal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of factual information that comes to light only after the judgment and could not have been learned earlier."); *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995) ( "[Rule 60] was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law."). Moreover, there is no allegation of any additional facts that were learned post-judgment that could not have previously been presented. Therefore, to the extent Dr. Rouben's motion relies upon Fed.R.Civ.P. 60(b), it is DENIED as well.

## **CONCLUSION**

Based on the foregoing, Dr. Rouben's Motion to Amend and for Relief from Summary Judgment Order is DENIED.

Entered: This 8th day of November, 2013

                                                s/ William C. Lee

                                          United States District Court